IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tobby Davis,<br><br>                Plaintiff,<br>   v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>               Defendant. | C/A 5:11-405-JFA-KDW<br><br><br>ORDER |

     Plaintiff Tobby A. Davis brings this action pursuant to §§ 405(g) and 1383(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for Disability Insurance Benefits.

BACKGROUND

     Plaintiff filed a disability application in June 2007. After her claim was amended, the alleged onset date was March 1, 2007. The plaintiff claimed disability due to neuropathy, fibromyalgia, neck pain and limitations, carpal tunnel syndrome, back pain, knee pain, and depression.

     Following a hearing, the Administrative Law Judge (ALJ) found that the plaintiff was not disabled because the plaintiff retained the Residual Functional Capacity (RFC) to perform a range of unskilled, light work. Plaintiff then sought review by the Appeals Council and submitted additional evidence thereto. This additional evidence consisted of

recently-drafted letters from Dr. Preston Bishop and Dr. Delfin Valite. The Appeals Council denied review, and the plaintiff filed the instant action.

In accordance with established procedures in this district, the matter was referred to the Magistrate Judge for a Report and Recommendation.[1] The Magistrate Judge carefully reviewed the record in this action after receiving briefing from both sides. She then rendered a comprehensive Report and Recommendation setting forth in great detail the medical problems plaintiff experienced and analyzing her claim for disability under existing law. Based on this analysis, the Magistrate Judge recommends that this court affirm the Commissioner's decision to deny benefits. Her Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation, which was filed on July 31, 2012. The plaintiff has filed objections to the Report and the Commissioner has replied thereto. Thus, it appears this matter is ripe for review.

## DISCUSSION

Initially, it should be noted that the ALJ found that plaintiff had received treatment for the allegedly disabling symptoms she has experienced. And importantly, the ALJ

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

concluded that the record shows that the treatment has been generally successful in controlling these symptoms. In regard to the plaintiff's credibility as it relates to the treatment she received, the ALJ detailed how the plaintiff repeatedly and consistently denied alcohol and drug abuse to most of her medical providers. Ultimately, however, in 2009, the plaintiff reported to Dr. Diehl that she "began drinking quite early in life, probably when she was five years of age. She also gave a significant history of drug abuse although she said her husband tended to keep her from using drugs excessively." (*See* ALJ Report, ECF No. 14-2, at 27).

The ALJ found that there is substantial evidence that until 2009, the plaintiff "deliberately concealed her history of alcohol/drug abuse from all treating and examining sources at times when she was actively seeking mental health treatment and when her admission of such a history would have changed her treatment plan." *Id.* The ALJ concluded that this development "significantly detracts from the credibility of [plaintiff's] allegations as to the severity of her other impairments." *Id.*

The plaintiff's objection memorandum identifies two alleged deficiencies in the Magistrate Judge's Report and Recommendation. The arguments advanced on behalf of these two points of error generally mirror the arguments made to, and rejected by, the Magistrate Judge.

Plaintiff first contends that the ALJ improperly found that plaintiff's interstitial cystitis (IC) was "not severe." This court agrees with the Commissioner that the ALJ carefully considered the "entire record" and reasonably included any limitations that plaintiff might experience from this impairment in his finding that limited the plaintiff to

performing a range of unskilled, light work. Moreover, the burden of proof is on the plaintiff to prove that an alleged impairment is severe, and in this case, the court agrees with the Magistrate Judge that plaintiff has provided no objective evidence of functional limitations associated with her IC prior to the expiration of her insured status.

The second principal ground of error alleged in plaintiff's objection memorandum relates to the new material submitted to the Appeals Council. Relying upon the recent Fourth Circuit case of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2001), plaintiff contends that the administrative decision maker has not weighed the new evidence and that this case should be remanded for further evaluation. *Meyer* was a watershed decision in the Fourth Circuit on an issue that had been subject to open debate for several years in this circuit. In *Meyer*, the plaintiff contended that the Appeals Council must make its own finding and articulate its own assessment as to new evidence when denying review. *Id.* at 704. The Fourth Circuit disagreed, holding that the regulatory scheme applicable to social security disability cases does not require the Appeals Council to do anything more than "consider new and material evidence . . . in deciding whether to grant review." *Id.* at 706 (quoting *Wilkins v. Sec'y, Dept. Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991)). The court reasoned that nothing in the statutes or regulations requires the Appeals Council to articulate its reasoning when new evidence is submitted and the Appeals Council denies review. *Id.* at 705–06.

Although the *Meyer* court indicated that the Appeals Council did not have to articulate its own assessment, it did suggest that in certain cases, remand is appropriate. Under the particular facts presented in *Meyer*, the court of appeals determined that the

new evidence in that case was not "one-sided" and that upon consideration of the record as a whole, the court could not determine whether substantial evidence supported the ALJ's denial of benefits. *Id.* at 707. In *Meyer*, the ALJ determined that the record lacked certain evidence the ALJ deemed critical; the plaintiff subsequently obtained this evidence and presented it to the Appeals Council. *Id.* On this record, the Fourth Circuit concluded that "no factfinder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* Because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder," the case had to be remanded to the ALJ for further fact finding. *Id.*

This court has, on occasion, deemed it appropriate to remand a case for further fact finding relying upon the precedent established in *Meyer*. *See Neighbors v. Astrue*, C/A No. 8:11-170-JFA-JDA (D.S.C.) (Order dated July 30, 2012). In the case presently before the court, however, the undersigned has determined that the Magistrate Judge was correct in suggesting that a remand is not called for.

First, this court disagrees with the plaintiff that the Magistrate Judge incorrectly stated the law as to remand. According to the plaintiff, the Magistrate Judge herself inadvertently weighed the evidence and performed a task that was reserved for the administrative factfinder. Evidence of this improper fact finding is said to be found in the Magistrate Judge's statement that, for a remand to be in order, there must be a finding that the new evidence "would have" changed the result. According to plaintiff, the proper standard under *Meyer* is whether the new evidence "might have" made a

difference. This court rejects the plaintiff's reading of *Meyer*. The Magistrate Judge appropriately applied the correct standard and quoted the critical language from *Meyer* regarding remand.

Moreover, unlike *Meyer*, the letters submitted by the two medical professionals in this case did not fill in an evidentiary gap that played a role in the decision of the ALJ. The record discloses that one of the letters was actually drafted by counsel for the plaintiff and submitted to the treating physician for his review and signature. There is little in the submissions of either physician that is not cumulative to the evidence already established in the case before the ALJ.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and "whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

For the foregoing reasons, the court overrules the plaintiff's objections, incorporates the Report and Recommendation herein by reference, and hereby affirms the decision of the Commissioner denying benefits.

IT IS SO ORDERED.

September 27, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge