IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tobby Davis, ) | C/A No.  5:11-405-JFA-KDW |
|  ) |  |
| Plaintiff, ) |  |
|  ) | ORDER ON MOTION |
| v. ) | FOR ATTORNEY'S FEES |
|  ) |  |
| Michael J. Astrue, ) |  |
| Commissioner of Social Security, ) |  |
|  ) |  |
| Defendant. ) |  |
| _____ ) |  |

This court reversed the Commissioner's final decision and remanded the case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative proceedings.  Counsel for the plaintiff, Paul McChesney, has now moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).   He suggests that because the plaintiff is the prevailing party in this action for social security benefits and that because the position of the Commissioner was not substantially justified, attorney fees are appropriate under EAJA.  Counsel seeks an award of fees in the amount of $9,450.

The Commissioner has filed a memorandum opposing the fee petition suggesting that the government's position in this case was substantially justified.  The Commissioner takes a fallback position that if the court does award fees, it should reduce the award requested because the number of hours expended was unreasonable.

After an unsuccessful effort before the Administrative Law Judge (ALJ) and the Appeals Council, the plaintiff turned to this court in an action seeking judicial review of the

1

decision of the Commissioner denying his benefits. In accordance with established procedures in this district, the matter was referred to a United States Magistrate Judge, who rendered a Report and Recommendation suggesting that the Commissioner's decision should be affirmed. Initially, this court adopted the Report and Recommendation of the Magistrate Judge, overruling the plaintiff's objections and determining that the Commissioner's decision to deny benefits was correct. Upon plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, this court reversed itself and, for reasons stated in the order granting the motion to alter or amend, determined that the action should be remanded under Sentence Four.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law.*" Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Counsel also attests the plaintiff is an individual whose net worth did not exceed $2 million at the time the action was filed.

The government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Cody*, 631 F.3d at 141 (quoting *Pierce*, 487 U.S. at 566 n. 2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position[ ].'" *Crawford*, 935 F.2d at 656–57 (quoting *I.N.S. v. Jean*, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. § 2412(d)(2)(D).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir. 1993).

On the record before it, this court can easily conclude that attorney's fees should be denied in this case. The fact that the Magistrate Judge, who considered this case initially, agreed with the Commissioner, coupled with the fact that this court's initial decision also favored the Commissioner, demonstrates just how close the legal and factual issues presented in this case were. In short, this was a case about which reasonable minds could, and did, disagree. Under these circumstances, an award of fees under EAJA is not appropriate.

For the foregoing reasons, the motion for attorney's fees (ECF No. 56) is denied.

IT IS SO ORDERED.

March 29, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge